**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hayden A. Beaulieu, | ) CV 18-0332-TUC-RCC (LAB) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Mark Dannels, et al., | ) |
| Respondents. | ) |

Pending before the court is a petition for writ of habeas corpus filed on July 5, 2018, by Hayden A. Beaulieu, an inmate currently held in the Cochise County Jail in Bisbee, Arizona. (Doc. 1); (Doc. 8) Beaulieu challenges a conviction imposed by the Cochise County Superior Court on June 27, 2016. (Doc. 1, p. 1)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. Beaulieu's claims are not exhausted.

Summary of the Case

On June 27, 2016, Beaulieu was convicted after a plea of guilty of attempted arson of an occupied structure. (Doc. 10, pp. 24-25) The trial court sentenced Beaulieu to five years supervised probation. *Id*.

Beaulieu filed a notice of post-conviction relief (PCR) on September 15, 2016. (Doc. 11, p. 29) Beaulieu filed a second notice of post-conviction relief on September 18, 2018. (Doc. 11-9, p. 2) He filed a petition on November 5, 2018 claiming (1) trial counsel Manch was ineffective for failing to present mitigating evidence of his mental health evaluation and failing to seek transfer to juvenile court and failing to advocate for his transfer to a juvenile facility, (2) PCR counsel Danies was ineffective for failing to communicate with him, (3) his due process rights were violated when the superior court failed to give him notice that Danies was appointed, (4) his right to due process and to be free from cruel and unusual punishment was violated when the superior court failed to determine his moral culpability and amenability to rehabilitation before the state was allowed to proceed against him as an adult, (5) he was subject to cruel and unusual punishment when he was attacked in the Cochise County Jail on November 27, 2015, and in 2018 the Cochise County jail policy prevented him from taking his medications, (there is no sixth claim for relief), (7) he was suffering from severe mental distress when he committed the crime, (8) AZ Const. Art. 4 Sec. 22, which states that juveniles who are charged with certain crimes must be charged as adults, violates the 5th and 8th Amendments, (9) A.R.S. s 13-501 is illegal under the 5th and 8th Amendments because it gives prosecutors sole discretion to charge minors as adults for crimes not described in the Arizona Constitution, (10) AZ Const. Art. 2 Sec. 2.1(A)(5) is illegal under the 5th Amendment as it grants victims the right to decline questioning or being summoned as a witness. (Doc. 9, p. 4); (Doc. 11-10, pp. 2-21) The state filed a response to the petition on December 11, 2018. (Doc. 12, p. 7) The petition remains outstanding.

A petition to revoke probation was filed on September 6, 2017, apparently because Beaulieu left Arizona without permission and traveled to California. (Doc. 10, p. 28, 52)

On May 1, 2018, Beaulieu filed a petition for writ of certiorari with the Supreme Court of the United States apparently challenging his transfer from California back to Arizona. (Doc. 10, p. 31, 34) The petition was denied on November 19, 2018. (Doc. 10, p. 43)

Beaulieu also filed a petition for special action in the Arizona Court of Appeals challenging his transfer back to Arizona. (Doc. 10, p. 65) The court dismissed the action on

July 11, 2018, because Beaulieu failed to file a copy of the ruling of the Cochise County Superior Court below. (Doc. 10, pp. 65-67) It appears that Beaulieu failed to file a special action petition with the superior court before filing with the court of appeals.

On May 10, 2018, Beaulieu also filed a petition for writ of habeas corpus in the Arizona Court of Appeals. (Doc. 11, p. 6) The court dismissed the action on July 11, 2018, because Beaulieu failed to file a copy of the ruling of the Cochise County Superior Court below. (Doc. 11, pp. 15, 20, 22) It appears that Beaulieu failed to file a petition for writ of habeas corpus with the superior court before filing with the court of appeals.

The trial court reinstated the intensive probation on September 12, 2018. (Doc. 11-7, p. 2) On November 8, 2018, Beaulieu filed a petition for writ of habeas corpus with the Arizona Supreme Court. (Doc. 12, p. 14)

A second petition to revoke was filed on November 30, 2018. (doc. 12, p. 3)

On July 5, 2018, Beaulieu filed the pending petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. (Doc. 1) He claims (1) A.R.S. § 13-1501 violates due process because he was charged as an adult for a crime that did not fall under that statute and the statute gives prosecutors discretion to charge minors as adults, (2) counsel was ineffective for failing to present mitigating evidence of his PTSD (post-traumatic stress disorder) and failing to advocate for his transfer to juvenile court and to advocate for him when he was assaulted by inmates at the Cochise County Jail, (3) the court failed to evaluate his competency and deprived him of an opportunity to contest being charged as an adult, (4) he was subject to cruel and unusual punishment when the Superior Court housed him at the Cochise County Jail at age 15 where he was deprived of rehabilitation services, education, and medication and was subject to assault. (Doc. 1, pp. 1-10) Beaulieu admits he has not presented any of his claims to the Arizona Court of Appeals.

On January 18, 2019, the respondents filed an answer arguing Beaulieu's claims are waived, unexhausted, or procedurally defaulted. (Doc. 9)

Beaulieu did not file a timely reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[The] standard is intentionally difficult to meet." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of th[e] [Supreme] Court's decisions." *Id.*

A decision is "contrary to" Supreme Court precedent if that Court already confronted "the specific question presented in this case" and reached a different result. *Woods*, 135 S.Ct. at 1377. A decision is an "unreasonable application of" Supreme Court precedent if it is "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id.* at 1376. "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (punctuation modified)

If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003).

Federal habeas review is limited to those claims for which the petitioner has already sought redress in the state courts. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.*

In addition, the petitioner must explicitly alert the state court that he is raising a *federal* constitutional claim. *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, the exhaustion requirement is ordinarily satisfied once the petitioner presents his claims to the Arizona Court of Appeals for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the court would raise a procedural bar if it were presented now. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a

constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and is not excused, the claim should be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." *Franklin*, 290 F.3d at 1231.

In this case, Beaulieu candidly admits that he has not presented his claims to the Arizona Court of Appeals. (Doc. 1) Accordingly, they are not exhausted.

The respondents argue that some of these claims are waived and some are procedurally defaulted, but because Beaulieu's post-conviction relief petition is still pending in the state court, this court considers such arguments to be premature. The District Court should dismiss the petition for failure to exhaust rather than assume how the state courts will rule on his pending petition.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Dismissing the petition for writ of habeas corpus. (Doc. 1) Beaulieu's claims are not exhausted.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 18th day of March, 2019.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge